UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| CLINT LONG, individually and as next friend of C.L.,<br><br>Plaintiff,<br><br>v.<br><br>JAYTON-GIRARD INDEPENDENT SCHOOL DISTRICT,<br><br>Defendant. | No. 5:21-CV-111-H |

## ORDER DENYING CLAIMS FOR INJUNCTIVE RELIEF AS MOOT

This case arises out of a dispute over a school district's mask policy implemented in response to COVID-19. In March 2021, Clint Long attempted to bring his unmasked child, C.L. to school at the Jayton-Girard Independent School District ("JGISD"). Because C.L. was unmasked, he was refused entry. Months later, Long sued JGISD along with its principal and a former superintendent both individually and as next friend of C.L. Shortly after the lawsuit was filed, JGISD stopped requiring masks in its schools. As a result, the Court ordered the parties to file briefs addressing whether Long's claims are moot. Both parties filed briefs.

The Court dismisses the claims for injunctive relief in this case as moot because the complained-of policy is no longer in operation, and in light of a state-wide order, the school district could not re-implement the policy even if it wanted to do so. Long argues that the "capable of repetition, yet evading review" and "voluntary cessation" exceptions to the mootness doctrine apply, but the lack of a reasonable possibility that JGISD could reinstate the mask mandate forecloses both exceptions. However, Long's claims for damages due to

JGISD's refusal to allow C.L. entry while unmasked are not moot. Thus, the Court does not dismiss those claims.

1.  **Factual and Procedural Background**

In response to the COVID-19 pandemic, Governor Abbott issued Executive Order GA-29 in July of 2020, which stated that "[e]very person in Texas shall wear a face covering over the nose and mouth when inside a . . . space open to the public." Dkt. No. 10-1 at 6. After this order was issued, JGISD sent the "JGISD 2020-2021 Reopening Plan" ("Mask Policy") to the parents of all enrolled children. Dkt. No. 16 ¶ 12. The plan stated that "[f]aculty, staff, and students are required to wear a face covering when entering and exiting the building . . . ." Dkt. No. 10-2 at 17.

On March 2, 2021, Governor Abbott issued Executive Order GA-34, stating that "in all countries not in an area with high hospitalizations[,] . . . there are no COVID-19-related operating limits for any business or other establishment [and]. . . no person may be required by any jurisdiction to wear or to mandate the wearing of a face covering." Dkt. No. 16 at 62. However, this executive order also stated that "[p]ublic schools may operate as provided by, and under the minimum standard health protocols found in, guidance issued by the Texas Education Agency." *Id.* at 63. The "SY 20-21 Public Health Planning Guidance," issued on March 25 by the TEA, states "[e]very student, teacher, or staff member shall wear a mask . . . when inside a school building . . . wherever it is not feasible to maintain . . . social distancing." Dkt. No. 10-2 at 35.

On March 11, 2021, Long took C.L. to JGISD without a mask. *Id.* ¶¶ 25–26. C.L. was refused entry by JGISD official, Lyle Lackey, because he was not wearing a mask. *Id.*

Almost two months after this event, Long filed an Original Petition in the 39th District Court of Kent County, Texas against JGISD, former superintendent Johnny Tubb,

2

and Lyle Lackey. Dkt. No. 1 at 1. Long sought a temporary restraining order, a temporary injunction, and a permanent injunction to prevent the school district's mask policy from being enforced. Dkt. No. 1-3 ¶¶ 107–23. Long claimed the defendants violated the Texas Open Meetings Act, the 14th Amendment, the Texas Constitution, and the Texas Family Code. *Id.* ¶¶ 64–106. He also brought a claim for a declaratory judgement that Tubb and Lackey had committed an *ultra vires* action. *Id.* Defendants jointly removed to federal court on May 11, 2021. Dkt. No. 1 at 1–2.

The parties agree that on May 14, 2021 mask wearing at JGISD schools became voluntary. Dkt. No. 9 at 7; Dkt. No. 12 ¶ 10. The parties also agree that on May 18, 2021 Governor Abbott issued Executive Order GA-36, which prevented schools from requiring face coverings starting on June 5, 2021. Dkt. No. 10 at 16; Dkt. No. 12 ¶ 12.

The Court then ordered both parties to file jurisdictional briefing addressing the existence of a case or controversy. Dkt. No. 7. Long filed the jurisdictional briefing requested by the Court, and defendants responded. Dkt. No. 12; Dkt. No. 13. The jurisdictional issue has been fully briefed and is ripe for review.

After the parties filed their briefing, Long filed an amended complaint that asserts claims against JGISD for violating the Texas Open Meetings Act and the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 and dismisses his claims against Johnny Tubb and Lyle Lackey. Dkt. No. 16. In the amended complaint, Long continues to request a temporary and permanent injunction and also requests actual damages, general damages, and nominal damages. *Id.*

## 2. Legal Standard

"Under Article III . . . federal courts may adjudicate only actual, ongoing cases or controversies. To invoke the jurisdiction of a federal court, a litigant must have suffered, or

be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision . . . ." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)). For there to be a case or controversy, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit . . . ." *Lewis*, 494 U.S. at 478 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)).

If a plaintiff ceases to have a personal stake in a lawsuit's result, the action becomes moot. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013). "[M]ootness has two aspects: 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "A case becomes moot, however, 'only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160–61 (2016), *as revised* (Feb. 9, 2016) (quoting *Knox v. Servs. Emps.*, 567 U.S. 298, 307 (2012)). Any concrete interest in the result, no matter how small, is enough to avoid mootness. *Id.* (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).

The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss and must prove jurisdiction exists by a preponderance of the evidence. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012) (citations omitted). A 12(b)(1) motion should be granted only if the party asserting jurisdiction "cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Miss., Inc. v. City*

*of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (footnote omitted) (citing *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992)). "[A] dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

3. **The claims for injunctive relief are moot.**

    A. **Long's requests for injunctive relief are moot because the mask order is no longer in place.**

Because JGISD's mask mandate is no longer in effect, any injunctive relief issued by this Court would not provide any relief not already provided by JGISD's repeal of its mask mandate. Because "[m]ootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff," it follows that "a case challenging a statute, executive order, or local ordinance usually becomes moot if the challenged law has expired or been repealed." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013); *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020). "A case becomes moot . . . 'only when it is impossible for a court to grant any effectual relief what[so]ever to the prevailing party.'" *Campbell-Ewald*, 577 U.S. at 160–61 (quoting *Knox v. Servs. Emps.*, 567 U.S. 298, 307 (2012)). Therefore, "[o]nce [a] law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Spell*, 962 F.3d at 179 (citing *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526 (2020)).

It follows that claims for injunctive relief are dismissed as moot when a complained-of law is no longer in force. For example, the Supreme Court held that a lawsuit seeking an injunction against a New York firearm-licensing statute was moot because New York amended the rule to grant "the precise relief that petitioners requested . . . ." *N.Y. State Rifle*,

5

140 S. Ct. at 1526.¹ Similarly, the Fifth Circuit vacated a preliminary injunction restraining a law as moot when Texas amended the statute to exempt the parties challenging the law from its provisions. *Amawi v. Paxton*, 956 F.3d 816, 819 (5th Cir. 2020). In *Spell*, a pastor sued for an injunction to prevent the enforcement of stay-at-home orders issued by the governor of Louisiana. *Spell*, 962 F.3d at 177–78. The Fifth Circuit dismissed the lawsuit as moot because the complained-of "orders [had] expired by their own terms." *Id.* at 180.

In the present case, no meaningful injunctive relief can be provided to Long because the complained-of policy, the mask mandate, is no longer in operation and cannot be reinstated. The parties agree that mask wearing at JGISD schools is now voluntary. Dkt. No. 9 at 7; Dkt. No. 12 ¶ 10. The parties also agree that Governor Abbott issued an executive order to prevent schools from requiring face coverings starting on June 5, 2021. Dkt. No. 10 at 16; Dkt. No. 12 ¶ 12. Because the policy is no longer in operation, there is nothing the Court could prevent or restrain via an order. Thus, the Court finds that Long's requests for injunctive relief are moot.² *Campbell-Ewald*, 577 U.S. at 160–61.

---

¹ *See also Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.*, 404 U.S. 412, 414–15 (1972) (per curiam) (concluding that a declaratory judgment finding a law unconstitutional is inappropriate when the complained-of statute "has been repealed").

² *See also Spell*, 962 F.3d at 179 (finding requested injunctive relief moot when a challenged COVID-19 restriction had already been lifted); *In re Greg Abbott, in his Official Capacity as Governor of the State of Texas*, No. 21-0720, slip op. ¶ 2 (Tex. Aug. 26, 2021), *available at* https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=f69537ef-cd47-46d7-a457-42f201955c6a&coa=cossup&DT=STAY%20ORDER%20ISSUED&MediaID=46ddfec0-7bd9-455e-8521-9dcb86fb4b0e (staying a trial court's temporary restraining order enjoining enforcement of Governor Abbott's executive order banning mask mandates and leaving the authority to decide what the Texas government's position on mask mandates will be to Governor Abbott).

B.  The "capable of repetition yet evading review" mootness exception does not apply.

Long does not argue that his claims are not moot. Dkt No. 12 at 1. Instead, Long argues that the Court has jurisdiction by immediately turning to the exceptions to the mootness doctrine. *Id.* But Long has not met his burden of showing that there is more than a theoretical possibility that JGISD will reinstate its mask policy. Therefore, the "capable of repetition yet evading review" mootness exception does not apply.

A court may have jurisdiction over a moot claim if the "capable of repetition, yet evading review" mootness exception applies. *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). "This exception overcomes the general rule against deciding stale claims only if: (1) 'the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there [is] a reasonable expectation that the [plaintiffs] [will] be subject to the same action again.'" *Spell*, 962 F.3d at 180 (additions in original) (quoting *Kingdomware*, 136 S. Ct. at 1976). Furthermore, this exception only applies "in exceptional situations." *Lyons*, 461 U.S. at 109 (citing *DeFunis v. Odegaard*, 416 U.S. 312, 319 (1974)). The party that alleges that this exception applies bears the burden of showing that it does apply. *Empower Texans, Inc. v. Geren*, 977 F.3d 367, 370 (5th Cir. 2020) (citing *Spell*, 962 F.3d at 180).

To meet the second prong of the "capable of repetition yet evading review" exception, "the party invoking jurisdiction must show a 'demonstrated probability' or 'reasonable expectation,' not merely a 'theoretical possibility,' that it will be subject to the same government action." *Lopez v. City of Houston*, 617 F.3d 336, 340 (5th Cir. 2010) (quoting *Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir. 2010)). "[M]erely showing that the government will 'have an opportunity to act in the same allegedly unlawful

manner in the future' is not enough to satisfy the second prong of the exception without a reasonable expectation that the government *will* act in that manner." *Id.* at 341 (quoting *Dardenne*, 595 F.3d at 217). A party can satisfy this prong by providing evidence showing that the opposing party's "actions reflect a policy or a consistent pattern of behavior that [it] has determined to continue, or that [the] action was prescribed by statute . . . ." *Dardenne*, 595 F.3d at 218 (footnote omitted).

Applying these rules, the Fifth Circuit has held that the mere possibility of COVID-19 worsening or COVID-19 policies being re-imposed is insufficient to satisfy the "reasonable expectation" requirement of the second prong. *See Spell*, 962 F.3d at 180. In *Spell*, a pastor challenged Louisiana's stay-at-home orders and requested injunctive relief to stop enforcement of those orders. *Id.* at 178. The Fifth Circuit, considering whether the pastor's claims were moot, observed that "[t]he trend in Louisiana has been to reopen the state, not to close it down" and that "no one knows what the future of COVID-19 holds." *Id.* As a result, the Fifth Circuit held that "it [was] speculative, at best, that the Governor might reimpose the ten-person restriction or a similar one." *Id.*

Here, Long fails to carry his burden of showing a "reasonable expectation" and not a "theoretical possibility" that the mask policy will be re-implemented. *Lopez*, 617 F.3d at 340. Long argues that other COVID-19 strains could emerge and cause a re-implementation of the mask policy, flu outbreaks routinely occur, and COVID-19 lockdowns have fluctuated in stringency. Dkt. No. 16 ¶ 73–77. These arguments fail under *Spell*, which found the risk of future imposition of new COVID-19 restrictions "speculative, at best," even though "no one knows what the future of COVID-19 holds." *Spell*, 962 F.3d at 180. Moreover, just as in *Spell*, statewide policy in Texas is tilted towards reopening

schools and not mandating masks. *Compare* GA-29, Dkt. No. 10-1 at 4–8, *with* GA-34, Dkt. No. 10-2 at 22–26, *and* GA-36, Dkt. No. 10-2 at 42–45.

Long also argues that "there [is] no reason why JGISD cannot again adopt a compulsory mask policy . . . for the next reason of its own choosing." Dkt. No. 16 ¶ 79. This is untrue under the current scheme of executive orders in Texas.[3] And even if the executive orders are discounted, Long presents no proof or evidence to demonstrate a "reasonable expectation" that the school district here would implement such a policy. *See Dardenne*, 595 F.3d at 218. Because Long failed to carry his burden of demonstrating that a "reasonable expectation" of re-implementation of the mask policy exists, the Court finds that the "capable of repetition, yet evading review" exception does not apply.

### C. The "voluntary cessation" mootness exception does not apply.

Because Governor Abbott's orders prevent JGISD from re-implementing its mask policy, the "voluntary cessation" mootness exception does not apply. "[A] defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this

---

[3] Executive order GA-34 states that "[p]ublic schools may operate as provided by, and under the minimum standard health protocols found in, guidance issued by the Texas Education Agency." Dkt. No. 10-2 at 25. Executive order GA-36 states that "[t]he Texas Education Agency shall revise its guidance such that, effective 11:59 p.m. on June 4, 2021, no student, teacher, parent, or other staff member or visitor may be required to wear a face covering." Dkt. No. 10-2 at 44. And recently, Governor Abbott issued Executive order GA-38, which states that "[n]o governmental entity, including a . . . school district, . . . and no governmental official may require any person to wear a face covering or to mandate that another person wear a face covering." Tex. Exec. Order No. GA-38 (July 29, 2021), https://gov.texas.gov/uploads/files/press/EO-GA-38_continued_response_to_the_COVID-19_disaster_IMAGE_07-29-2021.pdf. Under Texas law "[e]xecutive orders . . . have the force and effect of law." Tex. Gov't Code Ann. § 418.012. Thus, a mask policy cannot be re-implemented by JGISD.

cycle until he achieves all his unlawful ends." *Id.* Consequently, "when a defendant has taken voluntary measures . . . because it is facing litigation but could otherwise revert to the offending conduct once litigation has ended, the defendant must bear the heavy burden of showing the impossibility of that result in order to prove mootness." *Ctr. for Biological Diversity, Inc.*, 704 F.3d at 425.

This exception often applies in cases involving city ordinances and other local laws because they can be easily re-passed after being repealed in response to litigation. For example, in an action for declaratory and injunctive relief against provisions of a city ordinance, the Supreme Court ruled that the case was not moot even though the complained-of law had been amended. *Aladdin's Castle*, 455 U.S. at 288–89. The Supreme Court stated that "[i]n this case the city's repeal of the objectionable language would not preclude it from reenacting precisely the same provision if the District Court's judgment were vacated," especially because the city had "followed that course . . . in obvious response to the state court's judgment." *Id.* Thus, the mere fact that a restriction was repealed is not enough for a defendant to avoid the "voluntary cessation" exception to mootness.

"[T]he standard . . . for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: 'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Exp. Ass'n.*, 393 U.S. 199, 203 (1968)). A mere statement or promise by defendants is not enough to fulfill their burden. *See Concentrated Phosphate*, 393 U.S. at 203 ("But here we have only appellees' own

10

statement . . . . Such a statement, standing alone, cannot suffice to satisfy the heavy burden of persuasion which . . . rests upon those in appellees' shoes.")

Here, however, the executive orders relating to mask policies make it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 170. Executive order GA-34 states that "[p]ublic schools may operate as provided by, and under the minimum standard health protocols found in, guidance issued by the Texas Education Agency." Dkt. No. 10-2 at 25. Executive order GA-36 states that "[t]he Texas Education Agency shall revise its guidance such that, effective 11:59 p.m. on June 4, 2021, no student, teacher, parent, or other staff member or visitor may be required to wear a face covering." Dkt. No. 10-2 at 44. Thus, Texas schools are directed to follow the guidance of the TEA, which the governor ordered to ban mask requirements.[4] And recently, Governor Abbott reaffirmed that command when he issued GA-38, which states that "[n]o governmental entity, including a . . . school district, . . . and no governmental official may require any person to wear a face covering or to mandate that another person wear a face covering." Tex. Exec. Order No. GA-38 (July 29, 2021), https://gov.texas.gov/uploads/files/press/EO-GA-38_continued_response_to_the_COVID-19_disaster_IMAGE_07-29-2021.pdf. As a result, the Court should find that JGISD has successfully fulfilled its burden of demonstrating the "impossibility" of the mask policy returning.[5]

---

[4] *See also Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011) ("[T]he fact that the change in policy is now state-wide obviates any concern that local prison officials might change their minds on a whim . . . .").

[5] It is true that there is a factual dispute about when the JGISD Mask Policy was relaxed. Long alleges that JGISD changed the policy on May 14. Dkt. No. 16 ¶ 80. JGISD, on the other hand, argues that "the School Board voted to terminate the mask requirement effective at the end of the school day May 13" during the April 20 board meeting. Dkt. No. 13 at 6. However, "[w]ithout

4. **The claims for damages are not moot.**

"[C]laims for damages or other monetary relief automatically avoid mootness, so long as the underlying claim remains valid on its merits." *de la O v. Hous. Auth. of City of El Paso, Tex.*, 417 F.3d 495, 499 (5th Cir. 2005). Long has asserted a claim for damages. Dkt. No. 16. To the extent that Long's claims for damages are valid, they also are not moot. Thus, the Court does not dismiss Long's claims for damages.

5. **Conclusion**

The Court finds that it lacks subject-matter jurisdiction over Long's claims for injunctive relief. First, the policy that the Long challenges is no longer in operation. Additionally, the "capable of repetition yet evading review" mootness exception does not apply because there is no reasonable expectation that the mask policy will be re-imposed. Moreover, the "voluntary cessation" mootness exception does not apply because it is impossible to reasonably expect that the mask policy will return, and it is presumed that government action is not litigation posturing. Therefore, the Court dismisses Long's claims for injunctive relief as moot. Accordingly, the Clerk is directed to terminate Long's Motion to Set Hearing. Dkt. No. 6. Finally, in contrast to the claims for injunctive relief, Long's claims for damages are not moot, and, as a result, the Court does not dismiss those claims.

So ordered on September 3, 2021.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing." *Sossamon*, 560 F.3d at 325. Long has not presented any evidence to demonstrate that the change was litigation posturing; thus, even without the executive orders, the "voluntary cessation" exception would not apply.