UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - LUBBOCK DIVISION

| | | |
|---|---|---|
| **CLINT LONG, individually, and next friend of C.L.** § § | | |
| Plaintiff, § | | |
| § | | |
| **v.** § | | No. 5:21-CV-111-H |
| § | | |
| **JAYTON-GIRARD INDEPENDENT SCHOOL DISTRICT, ET AL.,** § § | | |
| Defendant. § | | |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE LATE RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Plaintiff to make and file this Agreed motion for leave to file late their response to *Defendant Jayton-Girard Independent School District's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint*.

### SUMMARY

The Court's Order on Jurisdictional Briefing on which Defendant as part of its *Motion to Dismiss All Claims Against It*, relied, gave rise to the need for additional time to respond by Plaintiff while Plaintiff waited on the Court's order.

Additionally, Plaintiff miscalendared the response time under the Northern District's rules. This miscalendaring and Plaintiff's need for resolution of the Court's verdict on the mootness question resulted in this request to file a late *Plaintiff's Response to Defendant's Motion to Dismiss* filed on September 13, 2021 ("Response").

Plaintiff requests the Court's permission to allow entry of their response, attached as an exhibit to this motion as Exhibit 1.

Defendant has stated in writing that it is unopposed to this motion so long as it is filed no later than this day, September 13, 2021.

## FACTUAL & LEGAL BACKGROUND

1.     On May 6, 2021, this Court issued its Order Requiring Jurisdictional Briefing.

2.     Subsequently, on May 28, 2021, Defendant filed its *Motion to Dismiss under Rule 12b(6) and 12(b)(1)*.

3.     On June 10, 2021, Plaintiff filed its Jurisdictional Brief in compliance with the Court's Order Requiring Jurisdictional Briefing.

4.     On June 14, 2021, Defendant filed *Defendant's Response to Plaintiff's Jurisdictional Brief.*

5.     On June 18, 2021, Plaintiff filed *Plaintiff's First Amended Complaint, Application for Preliminary Injunction, Temporary & Permanent Injunction.*

6.     On June 18, 2021, Plaintiff concurrently filed *Plaintiff's Response in Opposition to Defendant's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss.*

7.     On July 9, 2021, Defendant filed *Defendant Jayton-Girard Independent School District's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint.* This motion was nearly identical to Defendant's prior motion to dismiss excepting that it removed analysis of claims that Plaintiff had discarded in their Amended Complaint and incorporated some of Defendant's analysis from their jurisdictional brief, which Plaintiff had already responded to.

8.     On July 12, 2021, this Court denied Defendant's Original Motion to Dismiss.

9.     On September 3, 2021, this Court issued its *Order Denying Claims for Injunctive Relief as Moot*, which dismissed Plaintiff's claims for injunctive relief but declined to dismiss Plaintiff's claims for damages.

10.     On September 10, 2021, this Court issued an Order Requiring Scheduling Conference and Report for Contents of Scheduling Order ("Scheduling Conference Order"), ordering a joint status report to the Court.

11.     Plaintiff miscalendared the deadline to respond Plaintiff's Motion to Dismiss Plaintiff's Amended Complaint to be beyond the 21-day period. During that time, Plaintiffs were waiting on the Court's Ruling on Mootness, as discussed in their Response.

12.     Plaintiff must show good cause that the failure to act resulted from excusable neglect, and Plaintiff assert such exists in this case. FRCP 6(b)(1)(B). "The ordinary meaning of neglect 'encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.'" *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, No. 20-20319, 2021 U.S. App. LEXIS 17633, at *8 (5th Cir. June 14, 2021).

13.     Plaintiff's response to the motion to dismiss was late based on the requirements of the Federal Rules of Civil Procedure. In its latest motion for dismissal, Defendant asserted no new analysis based on elements of Plaintiff's case that have not been dismissed.

## DEFENDANT IS UNOPPOSED TO THIS MOTION FOR LEAVE

14.     Defendant has expressed in writing that it is unopposed to this Motion.

15.     This request to file a late Response to the Motion to Dismiss is not for delay only but is made in good faith and that justice be done. Defendant will not be prejudiced by the extension. The Declaration of Warren V. Norred follows post-signature to verify the facts of this motion.

## THE PARTIES WILL FILE SEPARATELY A JOINT STATUS REPORT

16.     Plaintiff does not intend for this filing to answer the Court's Scheduling Conference Order, which will be filed in due course.

## PRAYER

Plaintiffs Long and C.L. ask for this Court to accept the Response to *Defendant's Motion to Dismiss All Claims Against It Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)* as attached as Exhibit 1. Plaintiff further seeks all other relief that is appropriate.

Respectfully,

*/s/ Warren V. Norred*
Warren V. Norred, Texas Bar No. 24045094; wnorred@norredlaw.com
515 E. Border Street; Arlington, Texas 76010
Tel. (817) 704-3984; Fax. (817) 524-6686
Attorney for Plaintiffs

**DECLARATION OF WARREN V. NORRED:** My name is Warren V. Norred. I am over 18 years old; I office at 515 E. Border, Arlington, Texas 76010. I declare under penalty of perjury that the statements of fact above numbered 1-14 are true and correct.

Warren V. Norred

**CERTIFICATE OF SERVICE** - I hereby certify that the above was served on all parties seeking service in the instant case on September 13, 2021 via the Court's efile system.

*/s/ Warren V. Norred*
Warren V. Norred

**CERTIFICATE OF CONFERENCE** - I certify that I conferred with opposing counsel by email on September 13, 2021, which expressed agreement to the remedy sought by return email.

*/s/ Warren V. Norred*
Warren V. Norred