IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| CLINT LONG, *individually, and next friend* *of C.L.* | § § § |
| Plaintiff, | § § |
| v. | § CIVIL ACTION NO. 5:21-CV-111-BQ |
| | § |
| JAYTON-GIRARD INDEPENDENT SCHOOL DISTRICT, | § § § § |
| Defendant. | § |

## ORIGINAL RULE 16 SCHEDULING ORDER

The parties have consented, under 28 U.S.C. § 636(c), to have the undersigned United

States Magistrate Judge conduct any and all further proceedings in this case, including the trial,

and to enter final judgment. In accordance with Rule 16(b) of the Federal Rules of Civil Procedure,

the Local Rules of the Northern District of Texas, and the Civil Justice Expense and Delay

Reduction Plan for the Northern District of Texas, the Court enters this Scheduling Order.

## I. MODIFICATION OF DEADLINES

The deadlines set forth below in this Scheduling Order can only be modified: (1) "for good

cause" and (2) with the judge's consent. *Shepherd ex rel. Estate of Shepherd v. City of Shreveport*,

920 F.3d 278, 287 (5th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)). Rule 16's "good cause"

analysis is thorough and considers four factors.[1] Conclusory statements that good cause exists, or

that the extension is not sought for the purpose of delay, are insufficient. Requests and motions to

extend or modify deadlines in the Scheduling Order shall directly and specifically address why

good cause exists under Rule 16 using each of the four factors:

---

[1] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

1

(1) the explanation for the party's failure to meet the deadline;

(2) the importance of the amendment;

(3) potential prejudice if the Court allows the amendment; and

(4) the availability of a continuance to remedy such prejudice.

Rule 16 does not allow a scheduling order to be modified by agreement of the parties, and the requirements in this section apply whether a request or motion for extension or modification is agreed or opposed.

## II. PRETRIAL SCHEDULE

1. **Trial**:  The trial in this case shall begin on **February 7, 2023, at 9:00 a.m.**

2. **Initial Disclosures**:  The parties shall exchange initial disclosures no later than **October 22, 2021**.

3. **Joinder of Parties**:  All motions to join other parties and amend pleadings must be filed no later than **December 17, 2021**.

4. **Amendment of Pleadings**:  Motions seeking to amend pleadings shall be filed no later than **December17, 2021**.

5. **Initial Designation of Experts**:  Any party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness** who will testify at trial on such issue(s) and shall otherwise comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before **February 15, 2022**.

6. **Responsive Designation of Experts**:  Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before **March 15, 2022**.

7. **Designation of Rebuttal Experts**: Any party with the burden of proof on an issue who wishes to utilize an expert witness to rebut the opinions of a responsive expert witness shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before **April 15, 2022**.

8. **Objections to Experts**: Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, **must** be made in a written motion filed no later than **May 13, 2022**. Objections to experts on other grounds must be filed no later than **May 13, 2022**.

9. ***Daubert* Evidentiary Hearing**: A hearing on the parties' *Daubert* motions, if necessary, shall be set by separate order.

10. **Discovery**:

    a. All fact and expert discovery must be initiated in time to be completed by **June 24, 2022**.

    b. Before moving for any order relating to discovery (including but not limited to a motion to compel or motion for sanctions), the movant must first request a conference with the Court. *See* Fed. R. Civ. P. 16(b)(3)(B)(v). This requirement does not relieve the party seeking relief from first conferring by telephone or meeting face-to-face with the party or parties affected by the proposed motion, including, where applicable, co-plaintiffs or co-defendants. *See Dondi Props. Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284, 289–90 (N.D. Tex. 1988); *accord* Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 37(a)(1); N.D. Tex. L. Civ. R. 7.1(a).

11. **Dispositive Motions**: All motions that would dispose of all or any part of the case, including motions for summary judgment, must be filed, with supporting briefs, by **July 15, 2022**. Cross-motions for summary judgment shall not, except in truly exceptional circumstances, be permitted to be filed after the dispositive motion deadline. No party may file more than one motion for summary judgment without leave of Court. *See* N.D. Tex. L. Civ. R. 56.2(b).

12. **Motions Not Otherwise Covered**: A party must file a motion not otherwise covered by this order no later than **August 15, 2022**. This deadline does not apply to motions in limine.

13. **Mediation**:  The parties shall jointly select a mediator and mediate on or before **August 19, 2022**. Within seven (7) days after mediation, the parties shall jointly prepare and file a written report, signed by counsel for each party, detailing the date on which the mediation was held, the persons present (including the capacity of any representative), and a statement informing the Court of the effect of the mediation and whether this case has been settled by agreement of the parties. **In the event the parties believe, after June 30, 2022, that mediation would not be beneficial, the parties shall file a joint pleading no later than July 15, 2022, providing their specific justification for why mediation would result in an inefficient use of time and resources.**

14. **Pretrial Disclosures and Objections**: Parties must make the disclosures required by Rule 26(a)(3)(A)(i)-(iii) of the Federal Rules of Civil Procedure by **January 6, 2023**. Within **fourteen (14) days** thereafter, a party must serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii), and (2) any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii), if any.  Other than exhibits on file with the Court, the objecting party must attach to the objections the materials to which the objections are directed.  Counsel, or the party if not represented by counsel, must confer about exhibits and deposition designations and make reasonable efforts to agree on admissibility prior to the pretrial conference.

15. **Pretrial Materials**:

    a.  By **January 6, 2023**, the following pretrial materials must be filed:

        i.  **Pretrial Order**: A joint pretrial order shall be submitted by Plaintiff's attorney which covers each of the matters listed in Local Rule 16.4 and which states the estimated length of trial. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). However, failure to agree upon content or language is not an excuse for submitting separate pretrial orders, since each party may present its version of any disputed matter in the joint pretrial order. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case. Parties shall summarize their claims and defenses in the pretrial order.

        ii.  **Witness List**: Each party must file a list of witnesses who may be called by each party in its case in chief. Each witness list shall contain a brief narrative summary of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness's testimony at trial is "probable," "possible," "expert," or "record custodian."

        iii.  **Exhibit List and Deposition Testimony**: A list of exhibits and a designation of portions of depositions to be offered at trial shall be filed by each party. The list of exhibits shall describe the documents or items in numbered sequence. The documents or items to be offered as exhibits shall be numbered by attachment of labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall exchange a set of marked exhibits with opposing counsel at least 14 days before the scheduled date for trial and shall deliver a set of marked exhibits to the Clerk's Office, 2nd Floor, marked "Attention Judge Bryant's Chambers." Exhibits are to be placed in three-ring binders, the front of the binder is to be labeled with the style of case, case number, name of the party, and volume number, and the spine of each binder should be labeled with the appropriate exhibit numbers and/or range of exhibit numbers. The parties should make sure that the size of the exhibit binders is not overly cumbersome for the Court to utilize on the bench.

    b.  By **January 16, 2023**, the following **must** be filed.

        i.  **Jury Instructions**: Requested jury instructions (annotated)[2] and issues shall be filed by each party. The instructions and issues must be tailored to the specific case. Proposed jury instructions shall be both e-filed and emailed in "Word" format to the email address Bryant_Orders@txnd.uscourts.gov.

---

[2] "Annotated" means that whenever possible, each proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority, or pattern instructions. The parties should, to the extent possible, rely principally on Fifth Circuit and Supreme Court cases, Northern District precedents, and Fifth Circuit Pattern Jury Instructions.

ii. **Proposed *Voir Dire* Questions**: Proposed *voir dire* questions which the Court is requested to ask during its examination of the jury panel must be filed. The Court, after completion of its *voir dire*, will allow counsel a brief period for conducting their own *voir dire* examination.

16. **Objections to Pretrial Materials and Motions *in Limine***: In addition to the objections to exhibits and designated deposition testimony referenced in Paragraph 14, objections to witness lists shall be filed by **January 16, 2023**. Motions *in limine*, if any, shall be filed by **January 16, 2023**, unless counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of that date. The parties shall confer promptly to determine what *limine* items may be unobjectionable. Not later than twenty-four hours before the time scheduled for the pretrial conference, the parties shall advise the Court, in writing, of what *limine* items remain in genuine dispute.

17. **Initial Pretrial Conference**: The initial pretrial conference shall take place on **January 24, 2023, at 10:00 a.m.**

18. **Final Pretrial Conference**: The final pretrial conference shall take place on **February 2, 2023, at 10:00 a.m.**

19. The Court is aware of a trend in which fewer cases go to trial, and in which there are generally fewer speaking or "stand-up" opportunities in court, particularly for young lawyers (i.e., lawyers practicing for less than seven years). The Court strongly encourages litigants to be mindful of opportunities for young lawyers to conduct hearings before the Court, particularly for motions where the young lawyer drafted or contributed significantly to the underlying motion or response. In those instances where the Court is inclined to rule on the papers, a representation that the argument would be handled by a young lawyer will weigh in favor of holding a hearing. The Court understands that there may be circumstances where having a young lawyer handle a hearing might not be appropriate—

6

such as where no young lawyers were involved in drafting the motion, or where the motion might be dispositive in a "bet-the-company" type case. Even so, the Court believes it is crucial to provide substantive speaking opportunities to young lawyers, and that the benefits of doing so will accrue to young lawyers, clients, and the profession generally. Thus, the Court encourages all lawyers practicing before it to keep this goal in mind.

20. **Compliance with this Order**: Counsel and the parties are expected to comply fully with this Order. Failure to comply will cause the Court to consider the entire range of sanctions available.

21. **Inquiries**: Questions relating to this order should be directed to the law clerk at 806-472-1933.

**SO ORDERED.**

Dated: November ___, 2021.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE